## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERWIN ZAMBRANO MOYA<br>836 Bonifant Street<br>Silver Spring, Maryland 20910[1]<br><br>*On Behalf of Herself and*<br>*All Others Similarly situated*<br><br>　　PLAINTIFF<br><br>　　v.<br><br>GEORGIA AVENUE SUBWAY, INC.<br>2301 B Georgia Avenue, NW<br>Washington, D.C. 20001<br><br>　　SERVE:  Parvin Firoz<br>　　2301 B Georgia Avenue, NW<br>　　Washington, D.C. 20001<br><br>DEFENDANTS. | \*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### COLLECTIVE ACTION COMPLAINT

Plaintiff Erwin Zambrano Moya ("Plaintiff") by and through his undersigned counsel, on behalf of himself and all others similarly situated, hereby complains against Defendant Georgia Avenue Subway, Inc. ("Defendant") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"); the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq.* ("DCMWA") and; the D.C. Wage Payment and Wage Collection Act, D.C. Code §§ 32-1301 *et seq.* ("DCWPA")  as set forth below.

---

[1] To avoid retaliation, Plaintiff has used the address of his counsel.

## PARTIES AND JURISDICTION

1.      Plaintiff is an adult resident of the State of Maryland.  By acting as the named Plaintiff in this action, Plaintiff hereby affirms his consent to participate as a Plaintiff in a Collective Action under the FLSA and DCMWA.

2.      Defendant is a corporation formed under the laws of the District of Columbia with its principal place of business in the District of Columbia. At all times relevant, Defendant was Plaintiff's "employer" for purposes of the FLSA and DCMWA.

3.      During Plaintiff's employment, Defendant was engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).  At all times relevant, Defendant had gross revenues exceeding $500,000.00 and otherwise qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).  At all times relevant, Plaintiff was an individual employee engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

4.      This Court has jurisdiction over Defendant pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any act of Congress regulating commerce."  Subject matter jurisdiction is invoked under 28 U.S.C. § 1331 (Federal Question).  Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

## FACTS

5.      Plaintiff was employed by Defendant as a food preparer from approximately June 1, 2012 through about June 23, 2014 (approximately 108 weeks).

6.      During the period of Plaintiff's employment, Plaintiff typically and customarily worked approximately seventy (70) or more hours per week.

7.      At all times, Defendant had knowledge of all hours Plaintiff worked and directed Plaintiff to work all hours herein alleged.

8.      To hide Plaintiff's very high number of hours worked per week, Defendant regularly paid Plaintiff about half of his wages under his name and about half under a fictional employee name, typically, Ever Ventura.

9.      Sometimes during Plaintiff's employ, Defendant took it one step further to attempt to hide FLSA and DCMWA violations by paying Plaintiff under the payroll of another Subway owned by Defendant or its agents or owners.

10.     For all hours worked, including overtime hours worked each week in excess of forty (40), Defendant paid Plaintiff straight pay, at Plaintiff's regular hourly rate of pay, $7.50 per hour.

11.     At all times during Plaintiff's period of employ, the District of Columbia Minimum Wage for non-overtime hours was $8.25 per hour.

12.     At all times, the FLSA and DCMWA required that Defendant be paid not less than the higher of one-and-one half (1½) times Plaintiff's regular rate of pay or one-and-one-half (1½) the DCMWA for all hours Plaintiff worked per week in excess of forty (40).

13.     For all hours Plaintiff worked each week in excess of forty (40), the FLSA and DCMWA required that Plaintiff be paid at an hourly rate not less than $12.38 per hour.

14.     At all times, Plaintiff's overtime rate of pay was less than the required FLSA and DCMWA required overtime rate.

15.     At all times, Plaintiff's regular rate of pay for non-overtime hours was below the District of Columbia Minimum Wage.

16.     Plaintiff is owed the difference between his non-overtime regular rate and the required District of Columbia non-overtime minimum wage for the entire period of his employ.

17.     Plaintiff is owed the difference between the rate Defendant paid him for overtime hours worked each week and the rate required by the FLSA and DCMWA for all hours worked per week in excess of forty (40).

18.     Finally, Defendant failed and refused to pay Plaintiff for forty-five (45) hours worked during the pay period of May 26, 2014 through June 8, 2014. For this time period, Plaintiff is owed unpaid wages in the amount of $391.90 (($8.25 per hour (non-overtime minimum wage rate) * 40 (non-overtime hours) = $330.00) + $12.38 (overtime wage rate) * 5 (overtime hours) = $61.90) = $391.90).

## COLLECTIVE ACTION ALLEGATIONS

19.     Plaintiff believe that in the last three (3) years, more than twelve (12) similarly situated persons are or have been employed by Defendant as food preparation at Defendant's Washington, D.C. Subway Restaurant(s) ("Class Members").

20.     The duties, responsibilities, and activities of the Class Members were essentially the same as the duties, responsibilities, and activities of Plaintiff.

21.     The FLSA Class Members were paid in the same manner and under the same standard employment procedures and practices as Plaintiff.

22.     Defendant was and/or is the "employer" of the Class Members as that term is defined by the FLSA and DCMWA.

23.     The Class Members were paid by Defendant as hourly employees.

24.     Defendant paid the class members at regular hourly rates less than the rate required by the DCMWA for non-overtime hours worked.

25.     The Class Members regularly worked many hours in excess of forty (40) per week.

26.     The Class Members were not paid overtime wages at the rate required by the FLSA and DCMWA.

27.     The Class Members were not exempt from the overtime provisions of the FLSA or DCMWA.

28.     Defendant was and is actually aware the Class Members were and are not exempt from the overtime provisions of the FLSA and DCMWA and is actually aware that the rate and method by which Defendant compensated and continues to compensate the Class Members for non-overtime hours and overtime hours worked each week in excess of forty (40) violated and continues to violate the FLSA and DCMWA overtime provisions.

29.     Plaintiff is currently unaware of the identities of all the members of the Class.

30.     Defendant's common and class wide violations of the FLSA and DCMWA were willful, repeated, intentional, and not in good faith.

31.     Plaintiff and the Class Members have been commonly damaged by Defendant's FLSA and DCMWA violations.

32.     Defendant is liable to Plaintiff and the Class Members for the full amount of their unpaid non-overtime and overtime compensation, plus an additional equal amount as liquidated damages, plus attorneys' fees and costs.

## CAUSES OF ACTION
### COUNT I
### Violation of Federal Fair Labor Standards Act
### (Overtime)

33.     Plaintiff realleges and reasserts each and every allegation set forth above, as if each were set forth herein.

34.     By failing to pay Plaintiff and the Class Members overtime at one-and-one-half times the required legal rate for hours worked each week in excess of forty (40), Defendant violated the FLSA's overtime provisions.

35.     Defendant owes Plaintiff and the Class Members unpaid overtime wages for all hours worked in excess of forty hours (40) per workweek.

36.     Because Defendant knew, or showed reckless disregard for whether its pay practices violated the FLSA, making its FLSA violations willful, Defendant owes these wages for at least the past three (3) years.

37.     Plaintiff and the Class Members are also entitled to liquidated damages in an amount equal to their unpaid wages because Defendant's failure to pay overtime wages as required by the FLSA was not the product of objective good faith and Defendant had no reason to believe its overtime pay practice conformed with the FLSA overtime pay requirement.

38.     Plaintiff and the Class Members are also entitled to recover their reasonable attorneys' fees and costs incurred in this action.

WHEREFORE, Defendant is liable to Plaintiff (and all others similarly situated who have joined in this suit) under Count I for unpaid overtime wages in such amounts to be proved at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992
### (Overtime/Minimum Wage)

39.     Plaintiff realleges and reasserts each and every allegation set forth above, as if each were set forth herein.

40.     Plaintiff was an "employee," and Defendant was Plaintiff's "employer" within the meaning of the DCMWA.

41.     Under the DCMWA, Defendant, as Plaintiff's employer, was obligated to pay Plaintiff the minimum wage for non-overtime hours worked of at least $8.25 per hour and for overtime hours worked per week in excess of forty (40), not less than $12.38 per hour.

42.     Defendant failed to pay Plaintiff the District of Columbia minimum wage for all non-overtime hours worked.

43.     Defendant failed to pay Plaintiff the District of Columbia required overtime rate for all overtime hours worked in excess of forty (40) per week.

44.     Defendant owe Plaintiffs back wages for all non-overtime and overtime hours worked under the DCMWA.

45.     Defendant's failure to pay non-overtime and overtime wages due as required by the DCMWA was willful and intentional, was not the result of any *bona fide*

dispute between Plaintiff and Defendant, and was not in good faith.

WHEREFORE, Defendant is liable to Plaintiff (and all others similarly situated who have joined in this suit), under Count II, for all unpaid wages in such amounts to be proven at trial, plus liquidated damages in an equal amount, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

## COUNT III
### Violation of D.C. Wage Payment and Wage Collection Act

46.     Plaintiff re-alleges and reasserts each and every allegation set forth above, as if each were set forth herein.

47.     Plaintiff was an "employee" and Defendant was Plaintiff's "employer" within the meaning of the DCWPA.

48.     Under the DCWPA, Defendant, as Plaintiff's employer, was obligated to pay Plaintiff all wages for work that Plaintiff performed.

49.     "Wages" pursuant to DCWPA (DC Code § 32–1301(3))[2], "includes a: (A) Bonus; (B) Commission; (C) Fringe benefits paid in cash; (D) Overtime premium; and (E) Other remuneration promised or owed: (i) Pursuant to a contract for employment, whether written or oral; (ii) Pursuant to a contract between an employer and another person or entity; or (iii) Pursuant to District or federal law."[3]

---

[2] The DCWPA definition of wages as set forth herein was clarified by the Fiscal Year 2014 Budget Support Act of 2013; Subtitle G entitled "Wage Theft Prevention."

[3] In a further clarification by Fiscal Year 2014 Budget Support Act of 2013; Subtitle G, DCWPA Section 32-1305(b) has been amended and clarified to explain, "[i]n enforcing the provisions of this act, the remuneration promised by an employer to an employee shall be presumed to be at least the amount required by federal law, including federal law requiring the payment of prevailing wages, or by District law."

50.     Plaintiff worked many hours for Defendant for which Defendant failed and refused to pay Plaintiff all wages earned, guaranteed, and required for job duties performed at or before the end of Plaintiff's employment with Defendant.

51.     Defendant owes Plaintiff back wages equal to the difference between the rate Defendant paid (or failed to pay) Plaintiff for hours worked and the guaranteed and required rates Plaintiffs' were guaranteed and required under the DCWPA.

52.     Defendant's failure and refusal to pay Plaintiff all wages promised, guaranteed, and required on time or at or before the end of Plaintiff's employment with Defendant as required by the DCWPA was willful and intentional, was not the result of any *bona fide* dispute between Plaintiff and Defendant, and was not in good faith.

WHEREFORE, Defendant is liable to Plaintiff under Count III, for all unpaid wages in such amounts to be proven at trial, plus an additional three times (3x) all unpaid wages as liquidated damages, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

Respectfully submitted,

Gregg C. Greenberg, Bar No. MD17291
Zipin, Amster & Greenberg, LLC
836 Bonifant Street
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 301-587-9397
Email: ggreenberg@zipinlaw.com

*Counsel for Plaintiff*