# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERWIN ZAMBRANO MOYA    * | |
| 836 Bonifant Street    * | |
| Silver Spring, Maryland 20910    * | |
|    * | |
| And    * | |
|    * | |
| SONIA MENDEZ    * | |
| 836 Bonifant Street    * | |
| Silver Spring, Maryland 20910    * | |
|    * | |
| And    * | |
|    * | |
| LEONOR MOYA    * | |
| 836 Bonifant Street    * | |
| Silver Spring, Maryland 20910    * | |
|    * | |
| And    * | |
|    * | |
| GRISELDA TORRES    * | |
| 836 Bonifant Street    * | |
| Silver Spring, Maryland 20910    * | |
|    * | |
| ***On Behalf of Themselves and***    * | |
| ***All Others Similarly Situated***[1]    * | |
|    * | |
|     PLAINTIFFS    * | |
|    * | |
|     v.    * | Case Number:  1:14-cv-01341-TSC |
|    * | |
| GEORGIA AVENUE SUBWAY, INC.    * | |
|    * | |
|     DEFENDANT.    * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## FIRST AMENDED COLLECTIVE ACTION COMPLAINT

Plaintiffs Erwin Zambrano Moya ("Zambrano"), Sonia Mendez ("Mendez"),

Leonor Moya ("Moya"), and Griselda Torres ("Torres") (together, "Plaintiffs"), by and

through their undersigned counsel, on behalf of themselves and all others similarly

---

[1] To avoid retaliation, Plaintiffs have used the address of their counsel.

situated, hereby submit their First Amended Collective Action Complaint against Defendant Georgia Avenue Subway, Inc. ("Defendant") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"); the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq.* ("DCMWA") and; the D.C. Wage Payment and Wage Collection Act, D.C. Code §§ 32-1301 *et seq.* ("DCWPA")  as set forth below.

## PARTIES AND JURISDICTION

1.      Plaintiffs are adult residents of the State of Maryland and the District of Columbia.  By acting as the named Plaintiffs in this action, Plaintiffs hereby affirm their consent to participate as Plaintiffs in a Collective Action under the FLSA, DCMWA, and DCWPA.

2.      Defendant is a corporation formed under the laws of the District of Columbia with its principal place of business in the District of Columbia. At all times relevant, Defendant was Plaintiffs' "employer" for purposes of the FLSA, DCMWA, and DCWPA.

3.      During Plaintiffs' employment, Defendant was engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).  At all times relevant, Defendant had gross revenues exceeding $500,000.00 and otherwise qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).  At all times relevant, Plaintiff was an individual employee engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

4.      This Court has jurisdiction over Defendant pursuant to § 16(b) of the

FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 relating to "any civil action or

proceeding arising under any act of Congress regulating commerce."  Subject matter

jurisdiction is invoked under 28 U.S.C. § 1331 (Federal Question).  Venue in this Court is

proper pursuant to 28 U.S.C. § 1391(b).

### FACTS

5.      Zambrano was employed by Defendant as a food preparer from

approximately June 1, 2012 through about June 23, 2014.

6.      Mendez is currently employed by Defendant as a manager and food

preparer and has been employed by Defendant since about 2007.

7.      Moya is currently employed by Defendant as a food preparer and has been

employed by Defendant since about February 2011.

8.      Torres is currently employed by Defendant as a food preparer and has

been employed by Defendant since about February 2014.

9.      During the period of Plaintiffs' employment, Plaintiffs typically and

customarily worked about sixty (60) to seventy (70) or more hours per week.

10.      At all times, Defendant had knowledge of all hours Plaintiffs worked and

directed Plaintiffs to work all hours herein alleged.

11.      To hide Plaintiffs' very high number of hours worked per week,

Defendant regularly paid Plaintiffs about half of their wages under that Plaintiff's name

and about half under a fictional employee name or alias.

12.      Sometimes during Plaintiffs' employ, Defendant took it one step further to

attempt to hide FLSA and DCMWA violations by paying Plaintiffs under the payroll of

another Subway owned by Defendant or its agents or owners.

13.     For all hours worked, including overtime hours worked each week in excess of forty (40), Defendant paid Zambrano straight pay, at Zambrano's regular hourly rate of pay, $7.50 per hour.

14.     For all hours worked, including overtime hours worked each week in excess of forty (40), Defendant paid Mendez straight pay, at Mendez's regular hourly rate ranging from $9.00 per hour to $9.50 per hour.

15.     For all hours worked, including overtime hours worked each week in excess of forty (40), Defendant paid Moya straight pay, at Moya's regular hourly rate ranging from $7.00 per hour to $7.75 per hour.

16.     For all hours worked, including overtime hours worked each week in excess of forty (40), Defendant paid Torres straight pay, at Torres' regular hourly rate of $7.50 per hour.

17.     At all times during Plaintiffs' period of employ up until June 30, 2014, the District of Columbia Minimum Wage for non-overtime hours was $8.25 per hour.

18.     At all times during Plaintiffs' period of employ since July 1, 2014, the District of Columbia Minimum Wage for non-overtime hours has been $9.50 per hour.

19.     At all times, the FLSA and DCMWA required that Defendant pay Plaintiffs for all hours worked per week in excess of forty (40) at an hourly rate not less than the higher of one-and-one half (1½) times Plaintiffs' regular rate of pay or one-and-one-half (1½) the DCMWA minimum wage rate.

20.     At all times during Plaintiffs' period of employ up until June 30, 2014, for all hours Plaintiffs worked each week in excess of forty (40), the FLSA and DCMWA

required that Plaintiffs be paid at an hourly rate not less than $12.38 per hour.

21.     At all times during Plaintiffs' period of employ since July 1, 2014, for all hours Plaintiffs worked each week in excess of forty (40), the FLSA and DCMWA required that Plaintiffs be paid at an hourly rate not less than $14.25 per hour.

22.     At all times, Plaintiffs' overtime rate of pay was less than the required FLSA and DCMWA required overtime rate.

23.     At all times, Zambrano, Moya, and Torres' regular rate of pay for non-overtime hours was below the District of Columbia Minimum Wage.

24.     Plaintiffs Zambrano, Moya, and Torres are owed the difference between their non-overtime regular rate and the required District of Columbia non-overtime minimum wage for the entire period of their employ.

25.     Plaintiffs are owed the difference between the rate Defendant paid them for overtime hours worked each week and the rate required by the FLSA and DCMWA for all hours worked per week in excess of forty (40).

26.     Finally, Defendant failed and refused to pay Zambrano for forty-five (45) hours worked during the pay period of May 26, 2014 through June 8, 2014.  For this time period, Plaintiff is owed unpaid wages in the amount of $391.90 (($8.25 per hour (non-overtime minimum wage rate) * 40 (non-overtime hours) = $330.00) + $12.38 (overtime wage rate) * 5 (overtime hours) = $61.90) = $391.90).

## COLLECTIVE ACTION ALLEGATIONS

27.     Plaintiffs believe that in the last three (3) years, more than twelve (12) similarly situated persons are or have been employed by Defendant as food preparation at Defendant's Washington, D.C. Subway Restaurant(s) ("Class Members").

28.     The duties, responsibilities, and activities of the Class Members were essentially the same as the duties, responsibilities, and activities of Plaintiffs.

29.     The FLSA Class Members were paid in the same manner and under the same standard employment procedures and practices as Plaintiffs.

30.     Defendant was and/or is the "employer" of the Class Members as that term is defined by the FLSA and DCMWA.

31.     The Class Members were paid by Defendant as hourly employees.

32.     Defendant paid many of the Class Members at regular hourly rates less than the rate required by the DCMWA for non-overtime hours worked.

33.     The Class Members regularly worked many hours in excess of forty (40) per week.

34.     The Class Members were not paid overtime wages at the rate required by the FLSA and DCMWA.

35.     The Class Members were not exempt from the overtime provisions of the FLSA or DCMWA.

36.     Defendant was and is actually aware the Class Members were and are not exempt from the overtime provisions of the FLSA and DCMWA and is actually aware that the rate and method by which Defendant compensated and continues to compensate the Class Members for non-overtime hours and overtime hours worked each week in excess of forty (40) violated and continues to violate the FLSA and DCMWA overtime provisions.

37.     Plaintiffs are currently unaware of the identities of all the the Class Members.

38.     Defendant's common and class wide violations of the FLSA and DCMWA were willful, repeated, intentional, and not in good faith.

39.     Plaintiffs and the Class Members have been commonly damaged by Defendant's FLSA and DCMWA violations.

40.     Defendant is liable to Plaintiffs and the Class Members for the full amount of their unpaid non-overtime and overtime compensation, plus an additional equal amount as liquidated damages, plus attorneys' fees and costs.

**CAUSES OF ACTION**
**COUNT I**
**Violation of Federal Fair Labor Standards Act**
**(Overtime)**

41.     Plaintiffs re-allege and reassert each and every allegation set forth above, as if each were set forth herein.

42.     By failing to pay Plaintiffs and the Class Members overtime at one-and-one-half times the required legal rate for hours worked each week in excess of forty (40), Defendant violated the FLSA's overtime provisions.

43.     Defendant owes Plaintiffs and the Class Members unpaid overtime wages for all hours worked in excess of forty hours (40) per workweek.

44.     Because Defendant knew, or showed reckless disregard for whether its pay practices violated the FLSA, making its FLSA violations willful, Defendant owes these wages for at least the past three (3) years.

45.     Plaintiffs and the Class Members are also entitled to liquidated damages in an amount equal to their unpaid wages because Defendant's failure to pay overtime wages as required by the FLSA was not the product of objective good faith and Defendant had no reason to believe its overtime pay practice conformed with the FLSA

overtime pay requirement.

46.      Plaintiffs and the Class Members are also entitled to recover their reasonable attorneys' fees and costs incurred in this action.

WHEREFORE, Defendant is liable to Plaintiffs (and all others similarly situated who have joined in this suit) under Count I for unpaid overtime wages in such amounts to be proved at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992
### (Overtime/Minimum Wage)

47.      Plaintiffs re-allege and reassert each and every allegation set forth above, as if each were set forth herein.

48.      Plaintiffs were and are "employees," and Defendant was Plaintiffs' "employer" within the meaning of the DCMWA.

49.      Under the DCMWA, Defendant, as Plaintiffs' employer, was and is obligated to pay Plaintiffs the minimum wage for non-overtime hours worked of at least the DCMWA rate and for overtime hours worked per week in excess of forty (40), not less than the higher of one-and-one half (1½) times the DCMWA rate or one-and-one-half (1½) times that Plaintiff's regular rate of pay.

50.      Defendant failed to pay Plaintiffs Zambrano, Moya, and Torres the District of Columbia minimum wage for all non-overtime hours worked.

51.      Defendant failed to pay Plaintiffs the District of Columbia required overtime rate for all overtime hours worked in excess of forty (40) per week.

52.     Defendant owes Plaintiffs back wages for all non-overtime and overtime hours worked under the DCMWA.

53.     Defendant's failure to pay non-overtime and overtime wages due as required by the DCMWA was willful and intentional, was not the result of any *bona fide* dispute between Plaintiffs and Defendant, and was not in good faith.

WHEREFORE, Defendant is liable to Plaintiffs (and all others similarly situated who have joined in this suit), under Count II, for all unpaid wages in such amounts to be proven at trial, plus liquidated damages in an equal amount, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

## COUNT III
### Violation of D.C. Wage Payment and Wage Collection Act

54.     Plaintiffs re-allege and reassert each and every allegation set forth above, as if each were set forth herein.

55.     Plaintiffs were and are "employees" and Defendant was and is Plaintiffs' "employer" within the meaning of the DCWPA.

56.     Under the DCWPA, Defendant, as Plaintiffs' employer, was and is obligated to pay Plaintiffs all wages for work that Plaintiffs performed.

57.     "Wages" pursuant to DCWPA (DC Code § 32–1301(3))[2], "includes a: (A) Bonus; (B) Commission; (C) Fringe benefits paid in cash; (D) Overtime premium; and (E) Other remuneration promised or owed: (i) Pursuant to a contract for employment, whether written or oral; (ii) Pursuant to a contract between an employer and another

_____

[2] The DCWPA definition of wages as set forth herein was clarified by the Fiscal Year 2014 Budget Support Act of 2013; Subtitle G entitled "Wage Theft Prevention."

person or entity; or (iii) Pursuant to District or federal law."[3]

58.     Plaintiffs worked many hours for Defendant for which Defendant failed and refused to pay Plaintiffs all wages earned, guaranteed, and required for job duties performed on time when all wages were due or at or before the end of Plaintiffs' employment with Defendant.

59.     Defendant owes Plaintiffs back wages equal to the difference between the rate Defendant paid (or failed to pay) Plaintiffs for hours worked and the guaranteed and required rates Plaintiffs' were guaranteed and required under the DCWPA.

60.     Defendant's failure and refusal to pay Plaintiffs all wages promised, guaranteed, and required on time or at or before the end of Plaintiffs' employment with Defendant as required by the DCWPA was willful and intentional, was not the result of any *bona fide* dispute between Plaintiffs and Defendant, and was not in good faith.

WHEREFORE, Defendant is liable to Plaintiffs under Count III, for all unpaid wages in such amounts to be proven at trial, plus an additional three times (3x) all unpaid wages as liquidated damages, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

---

[3] In a further clarification by Fiscal Year 2014 Budget Support Act of 2013; Subtitle G, DCWPA Section 32-1305(b) has been amended and clarified to explain, "[i]n enforcing the provisions of this act, the remuneration promised by an employer to an employee shall be presumed to be at least the amount required by federal law, including federal law requiring the payment of prevailing wages, or by District law."

Respectfully submitted,


__/s/ Gregg C. Greenberg_____

Gregg C. Greenberg, Bar No. MD17291
Zipin, Amster & Greenberg, LLC
836 Bonifant Street
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 301-587-9397
Email: ggreenberg@zipinlaw.com

*Counsel for Plaintiffs*