## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

This Confidential Settlement Agreement and Release ("this Agreement") is entered into by and between Erwin Zambrano Moya, Leonor Moya, Griselda Torres, and Sonia Mendez (hereinafter collectively referred to as "Plaintiffs") and Georgia Avenue Subway, Inc. (hereinafter referred to as "GAS") in accordance with the following Recitals, Terms, and Conditions:

## RECITALS

WHEREAS, Erwin Zambrano Moya was employed by GAS as a full-time employee beginning on or about June 1, 2012;

WHEREAS, Leonor Moya was employed by GAS beginning on or about February 1, 2011;

WHEREAS, Griselda Torres was employed by GAS beginning on or about February 1, 2014;

WHEREAS, Sonia Mendez began her employment with GAS beginning on or about 2007;

WHEREAS, Erwin Zambrano Moya, Leonor Moya, Griselda Torres, and Sonia Mendez are no longer employed by GAS;

WHEREAS, on or about August 6, 2014, the Plaintiffs filed claims in the United States District Court for the District of Columbia under the Fair Labor Standards Act ("FLSA"), the D.C. Minimum Wage Act Revision Act of 1992 ("DCMWA") and the D.C. Wage Payment and Wage Collection Act ("DCWPA") in Civil Action No. 14-cv-01341-TSC, captioned, <u>Erwin Zambrano Moya, et al., plaintiffs, v. Georgia Avenue Subway, Inc., defendant</u>, claiming that they were not paid overtime or were not paid the required minimum wages by GAS and claiming that they were either paid by the use of a fictitious name or by different Subway businesses, which

Exhibit A

claims are hereinafter referred to as "that Certain Litigation;"

WHEREAS, GAS denies all allegations of that Certain Litigation, denies that it owes any wages to the Plaintiffs, and denies that it knew that the Plaintiffs or any other employees were using the names of other persons to falsely obtain more money from it to supplement their/his/her wages for the actual regular hours for which they/he/she worked and were paid;

WHEREAS, the Plaintiffs and GAS attended mediation on December 10, 2014 conducted by Magistrate Judge Deborah A. Robinson and attempted at that time to negotiate a complete resolution of that Certain Litigation as well as any other employment claims that the Plaintiffs might have about their/his/her former employment with GAS;

WHEREAS, the Plaintiffs and GAS agreed to resolve all of their respective differences regarding that Certain Litigation (including any claims for attorneys' fees and costs or any expenses claimed by the Plaintiffs) and regarding the employment of the Plaintiffs as a result of the confidential settlement which they reached and which is reflected in this Agreement;

**WITNESSETH NOW, THEREFOR**, the Plaintiffs and GAS agree as follows:

## SETTLEMENT TERMS AND CONDITIONS

1. **CONSIDERATION**

    A. **Given by GAS to the Plaintiffs**

    (1) **Payment**

After receipt by counsel for GAS of this Agreement executed by the Plaintiffs and after the expiration of the revocation period referenced below for the execution of the Agreement, GAS will pay the total sum of four thousand five hundred dollars ($4,500.00) to Erwin Zambrano Moya, will pay the total sum of four thousand five hundred dollars ($4,500.00) to Leonor Moya,

will pay the total sum of four thousand dollars ($4,000.00) Griselda Torres, and will pay the total sum of four thousand five hundred dollars ($4,500.00) Sonia Mendez, which payments are the sole monetary consideration for this settlement of that Certain Litigation, and which payments will be made by monthly installments of two thousand three hundred thirty-three dollars and thirty-five cents ($2,333.35) beginning on March 1, 2015 and ending on December 1, 2015, to the attorneys for the Plaintiffs, that is Gregg C. Greenberg, Esquire of Zipin, Amster & Greenberg, LLC, in accordance with the Schedule attached hereto as Exhibit 1.

**B.    Given by the Plaintiffs to GAS**

**(1)    Dismissal of That Certain Litigation**

The Plaintiffs agree to take whatever steps are necessary to dismiss forever and <u>with prejudice</u> that Certain Litigation and they covenant never to file any other claims regarding their former employment by GAS with any court or commission, including but not limited to any claims regarding any allegation of unpaid overtime compensation or unpaid compensation. The dismissal of that Certain Litigation includes all claims for damages and all claims for attorney's fees and costs that the Plaintiffs made in that Certain Litigation.

**(2)    Destruction of Financial Information Provided by GAS**

The Plaintiffs agree that they and their attorneys, Gregg C. Greenberg, Esquire of Zipin, Amster & Greenberg, LLC and Matthew K. Handley, Esquire of the Washington Lawyers' Committee for Civil Rights & Urban Affairs, will destroy all financial information provided to them in connection with the settlement negotiations of that Certain Litigation.

**2.    SCOPE OF RELEASE**

The Plaintiffs acknowledge that this Agreement terminates all controversies between

3

them/him/her and GAS, including any claims regarding their/his/her past employment by GAS and their/his/her past claims of overtime and other wages.

3. **RELEASE**

The Plaintiffs acknowledges that GAS has no obligation to provide them//him/her with the consideration for this Agreement, as set forth in Paragraph 1 above, and does so only as part of this Agreement and as consideration for the settlement reached as reflected herein. Consequently, in exchange for the acceptance and receipt of such consideration and for other good and valuable consideration, the Plaintiffs, Erwin Zambrano Moya, Leonor Moya, Griselda Torres, Sonia Mendez, do for themselves and for their respective heirs, personal representatives, administrators, executors, representatives, subrogees, lienholders, attorneys, insurers, agents and assigns, or any of them, jointly and severally, release, remise, acquit and forever discharges GAS and all of its respective present and former owners, stockholders, officers, board of directors, managers, co-employees, supervisors, co-workers, servants, associates, independent contractors, attorneys, agents, assigns, successors, principals, predecessors, affiliates, parents, subsidiaries, insurers, or any of them (hereinafter all collectively referred to as "the Released Parties"), from any and all past, present, and future claims, actions, causes of action, grievances and/or complaints of any kind or nature whatsoever, whether in law or in equity or in contract or tort, demands, compensatory or statutory damages, punitive damages, property damages, injuries, wages, expenses, bills, debts, obligations, unpaid or lost wages, liens, subrogation claims, losses of service, interest, taxes, penalties, liabilities, duties, social security and/or medicare withholding, financial responsibilities, attorney's fees, legal fees, costs, and any other expenses, known or unknown, that Plaintiffs may have had, may now have, or may hereafter have, for or

4

because of any matter or thing done, omitted or suffered to be done, prior to and including the date hereof, directly or indirectly, arising out of, resulting from, and/or relating to all allegations made in that Certain Litigation and arising out of, resulting from, and/or relating to the employment of Plaintiffs by GAS, including but not limited to, any and all claims that Plaintiffs might have arising under Title VII of the 1964 Civil Rights Act, the Civil Rights Act of 1991, the Rehabilitation Act of 1973, the Americans with Disabilities Act of 1990, the Age Discrimination in Employment Act of 1967, the Family and Medical Leave Act, the Employee Retirement Income Security Act of 1974, the Equal Pay Act of 1963, the Fair Labor Standards Act, the Consolidated Omnibus Budget Reconciliation Act of 1985, the Older Workers benefit Protection Act, any D.C. Human Rights Act, wrongful discharge case law, and all applicable federal, state, local, municipal, constitutional, civil rights, common law, employment law, statutes, unemployment insurance claims, wrongful discharge statutes or rights of actions, human rights, workers compensation statutes, rules, ordinances, and laws, as amended, with the exception of any breach of this Agreement.

4. **INDEMNITY**

The Plaintiffs understand and agree that they/he/she alone shall be responsible for paying any local, state or federal liens, Medicaid and/or Medicare liens, income taxes, social security contribution or withholding, Medicare contribution or withholding, penalties, fines, unpaid medical bills, assessments, liabilities, financial responsibilities, attorney's fees, costs, or any other monetary obligations whatsoever incurred as the result of the monetary consideration paid under this Agreement or incurred by him/her prior to the execution of this Agreement. As it is the Plaintiffs' express intention to limit the liability of GAS to the consideration set forth in

Paragraph 1, the Plaintiffs shall further hold harmless and indemnify GAS from having to pay any other monetary obligations on his behalf, with the sole exception of the payment of the monetary consideration for this settlement as set forth in Paragraph 1.

### 5. NO ADMISSION OF LIABILITY

The Plaintiffs acknowledge and understand that GAS expressly denies any and all liability of each and every sort to them, further expressly denies that it had any legal responsibility to them which was not fulfilled, and denies the contentions made by the Plaintiffs in that Certain Litigation, including the additional contentions that they made about any retaliatory termination or limitation of their work hours. It is further expressly understood and agreed by the Plaintiffs that this Agreement is made as a compromise of disputed claims and is made for purely economic reasons to terminate all controversies between them and GAS. The Plaintiffs understand and agree that neither the payment of any sums of money nor this Agreement shall constitute or be construed as an admission of any liability on the part of GAS which has denied any wrongdoing or liability.

### 6. CONFIDENTIALITY

The Plaintiffs and GAS understand that the terms of this settlement are not public. The Plaintiffs and GAS recognize and acknowledge that GAS would never have agreed to this settlement without the Plaintiffs' promise to keep all of the terms of this settlement, including the very fact that there even was a settlement or that there were settlement negotiations, secret and confidential, and that his/her promise of confidentiality is important to GAS.

As a substantial and a material term of this settlement and of this Agreement, the Plaintiffs has agreed to treat this Agreement and the terms of this settlement as <u>absolutely</u> secret

and confidential, except that Plaintiffs may disclose the terms of this Agreement to their/his/her immediate and direct family members, their/his/her legal and accounting advisors, and any federal and state taxing authorities, except that Plaintiffs may also disclose the terms of this Agreement if they/he/she must as required by law or as necessary for legitimate enforcement and compliance purposes, and except that Plaintiffs may disclose the terms of this settlement if GAS gives them/him/her its written consent to specific disclosure.

The Plaintiffs understand that any disclosure about the settlement, absent the limited exceptions listed above, shall be a violation of the settlement and a breach of this Agreement, entitling GAS to a return as liquidated damages of all of the consideration paid for the settlement and entitling GAS to other legal remedies beyond the returns of its monies, including the payment of GAS's attorney's fees and reasonable costs if GAS has to initiate legal action to enforce this Agreement.

### 7. NON-DISPARAGEMENT

Additionally, from the date that this Agreement is executed, the Plaintiffs agree and covenant that they/he/she will not make any negative statements of any type to any persons, clients, employees, third parties or entities which bring into disrepute, which derogate and/or that disparage GAS or which bring into disrepute, which derogates and/or which disparage GAS's employees and personnel to any persons, clients, third parties, or entities or to any employees of GAS. Similarly, GAS will agree and covenant that it will not make any type of negative statement that make any negative statements of any type to any persons, clients, employees, third parties or entities which bring into disrepute, which derogate and/or that disparage the Plaintiffs.

## 8.   WARRANTIES

The Plaintiffs represents that they/he/she alone have/has the legal and mental capacity and authority to enter into this Agreement.

The Plaintiffs agree to obtain tax advice from a certified public accountant regarding the tax and financial liability that they may have as a result of their receipt of the monetary consideration. The Plaintiffs further warrants that they have, or will, from the proceeds of the settlement, satisfy any valid liens or financial obligations, including the payment of all taxes, payment of social security withholding, and payments of Medicare withholding that exist as a result of the consideration paid for this settlement under Paragraph 1 above.

The Plaintiffs further warrant that no other persons or entities have any interests in that Certain Litigation and that they/he/she have/has made no assignment or transfer of any interest or right to that Certain Litigation.

The Plaintiffs agree that this Agreement contains a full settlement and is fair, adequate, and reasonable. The Plaintiffs and GAS understand that this settlement is intended to terminate all controversies between them/him/her and GAS as set forth in Paragraph 2 herein.

Prior to entering into this Agreement, the Plaintiffs has consulted with his/her attorneys, Gregg C. Greenberg, Esquire of Zipin, Amster & Greenberg, LLC and Matthew K. Handley, Esquire of the Washington Lawyers' Committee for Civil Rights & Urban Affairs. The Plaintiffs warrant and represent that they/he/she have/has been fully informed about the content of this Agreement and have/has full knowledge of its terms, conditions and effect and of their/his/her obligations under this settlement. Further, the Plaintiffs have personally fully investigated all facts surrounding their/his/her claims and the controversies and disputes against GAS and has the

opportunity to fully investigate their/his/her claims. The Plaintiffs acknowledge that the terms of this Agreement are contractual and that no representation of fact or law or warranties concerning the same have been made to them/him/her by GAS. The Plaintiffs warrants that no other promise or inducement has been made or offered to them/him/her, except as set forth in this Agreement and warrants that this Agreement is executed without reliance upon any statement, other than that contained herein.

In accepting the terms of the settlement, the Plaintiffs represent that they have each carefully read and that they understand the terms of this Agreement and sign the same of their/his/her own free will. GAS has also, through its undersigned representative, carefully read and understands the terms of this Agreement and sign the same of its own free will.

### 9. CHOICE OF LAW AND FORUM

This Agreement shall be governed and construed in accordance with the laws of the District of Columbia. THE PARTIES WAIVE THE RIGHT TO A TRIAL BY JURY IN ANY ACTION ARISING OUT OF OR RELATED TO THIS AGREEMENT.

### 10. CONSTRUCTION

The terms of this Agreement are not to be construed against the Parties or Party preparing it, but are to be construed as if all Parties prepared it. If any provision of this Agreement is determined to be invalid or unenforceable, the Parties agree that the invalid or unenforceable provisions shall be modified to the extent reasonably necessary to preserve the rights and obligations of the Parties and the terms of this settlement.

### 11. REVIEW AND REVOCATION PERIOD

The Plaintiffs have been advised to read this Agreement and to consult with their/his/her

attorneys, Gregg C. Greenberg, Esquire, Zipin, Amster & Greenberg, LLC, regarding this Agreement and its terms. By informing Plaintiffs that he/she should consult with counsel, GAS undertakes no financial obligation to pay for his/her attorney's fees and costs for such consultation since GAS's financial obligation to the Plaintiffs are limited to the consideration paid for the settlement as set forth in this Agreement. The Plaintiffs understand that they/he/she have each been given twenty-one (21) days from their/his/her receipt of this Agreement to consult with counsel of their choice and with their/his/her accountant to fully consider the terms of this Agreement and to fully understand the effect of this Agreement before they/he/she signs it and obligates themselves/himself/herself to its terms. The Plaintiffs represent that they understand that each may sign this Agreement in less than the twenty-one (21) days from their/his/her receipt of it, but that, if they/he/she signs this Agreement, they/he/she acknowledge or acknowledges by that act that each has both read this Agreement, that each understood its terms, and that each is agreeing to bind themself/himself/herself to this Agreement and its terms.

The Plaintiffs shall also have the right to unilaterally revoke their/his/her acceptance to this Agreement after he/she executes this Agreement for a period of seven (7) days by delivering his/her written revocation to counsel for GAS, that is Deborah Murrell Whelihan, Attorney-at-Law, Jordan Coyne, LLP, 10509 Judicial Drive, Suite 200, Fairfax, VA 22030. Consequently, since this Agreement shall not become effective or enforceable until this Agreement has been signed and until the seven (7) day revocation period has expired, the Plaintiffs agree that GAS is not obligated to make any payment to their attorneys until this Agreement has been executed by the Plaintiffs and the revocation period has expired.

**IN WITNESS WHEREOF,** We, Erwin Zambrano Moya, Leonor Moya, Griselda Torres

and Sonia Mendez set our respective hands and seals, evidencing our respective agreement to this Agreement and to all of its terms.

WITNESS: _____  _ErwiN ZAMbraNO___ (SEAL)
                                  Erwin Zambrano Moya

WITNESS: _____  _Leonor moYa_____ (SEAL)
                                  Leonor Moya

WITNESS: _____  _____ (SEAL)
                                  Griselda Torres

WITNESS: _____  _Sonia mnd_____ (SEAL)
                                  Sonia Mendez

11

IN WITNESS WHEREOF, Georgia Avenue Subway, Inc., through its duly authorized and undersigned representative, evidences its respective agreement to this Agreement and to all of its terms by its representative's signature below.

WITNESS:                                             Georgia Avenue Subway, Inc.

_____    By: _____ (SEAL)
                                                          Mohammad E. Hoque

12

# Zambrano, et al. v. Georgia Ave Subway -- Settlement Breakdown

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Total Settlement | $22,500.00 | | | | | | | | | | | |
| Total Attorney's Fees & Costs | $6,750.00 | Pay to Order of Zipin Amster & Greenberg | | | | | | | | | | |
| Total Plaintiffs | $15,750.00 | | | | | | | | | | | |
| Monthly Installment Payment | $2,500.00 | | | | | | | | | | | |
| | 3/1/2015 | 4/1/2015 | 5/1/2015 | 6/1/2015 | 7/1/2015 | 8/1/2015 | 9/1/2015 | 10/1/2015 | 11/1/2015 | 12/1/2015 | Total Gross | |
| Erwin Zambrano | $364.45 | $364.45 | $364.45 | $364.45 | $364.45 | $364.45 | $364.45 | $364.45 | $364.45 | $364.45 | $3,280.05 | Plaintiff Rec'd $500.00 Pre-Settlement |
| Sonia Mendez | $434.45 | $434.45 | $434.45 | $434.45 | $434.45 | $434.45 | $434.45 | $434.45 | $434.45 | $434.45 | $3,910.05 | Plaintiff Rec'd $500.00 Pre-Settlement |
| Leonor Moya | $574.45 | $574.45 | $574.45 | $574.45 | $574.45 | $574.45 | $574.45 | $574.45 | $574.45 | $574.45 | $574.45 | Plaintiff Rec'd $500.00 Pre-Settlement |
| Griselda Torres | $210.00 | $210.00 | $210.00 | $210.00 | $210.00 | $210.00 | $210.00 | $210.00 | $210.00 | $210.00 | $1,890.00 | |
| Zipin, Amster & Greenberg | $750.00 | $750.00 | $750.00 | $750.00 | $750.00 | $750.00 | $750.00 | $750.00 | $750.00 | $750.00 | $6,750.00 | |
| TOTAL | $2,333.35 | $2,333.35 | $2,333.35 | $2,333.35 | $2,333.35 | $2,333.35 | $2,333.35 | $2,333.35 | $2,333.35 | $2,333.35 | $21,000.15 | |

Exhibit 1